UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES WILLIAMS,

    Petitioner,

v.

SGT. DANIEL BERKHOEL,

    Respondent.

CIVIL NO. 09-313 (RHK/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that this action should be summarily dismissed without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

Petitioner is a state prison inmate who is currently confined at the Minnesota Correctional Facility at Oak Park Heights, Minnesota. His present application for habeas corpus relief does <u>not</u> challenge the validity of his state criminal conviction or sentence; instead he is seeking to overturn a prison disciplinary sanction, which apparently extended the term of his incarceration by 135 days. (Petition, p. (2).) Petitioner claims that his constitutional rights were violated during the course of his prison disciplinary proceedings, and he is seeking to have the resulting sanctions vacated so that the duration of his

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

imprisonment will be shortened by 135 days.[2]

However, it clearly appears from Petitioner's submissions that he has not presented any of his current claims for relief in any <u>state court</u> proceeding. (Petition, [Docket No. 1], p. 3, § 11(d).) Because Petitioner has not exhausted his state court remedies, the Court will recommend that this action be summarily dismissed.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure

---

[2] Petitioner's disciplinary sanctions also included a term of segregated confinement, and Petitioner seems to be trying to challenge that sanction as well. However, Petitioner cannot challenge his segregated confinement sanction in the present habeas corpus action, because it is well settled that the federal habeas corpus statutes can be used only to challenge <u>the fact or duration</u> of a prisoner's confinement, and <u>not the conditions</u> of his confinement. See <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1073 (8th Cir. 1996) (<u>per</u> <u>curiam</u>) ("[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy"). Petitioner's assignment to segregated confinement did not extend the duration of his confinement, but only affected the conditions of his confinement. Thus, to the extent that Petitioner is presently attempting to challenge the segregated confinement component of his disciplinary sanctions, his claims cannot be entertained here.

In theory, Petitioner could challenge the constitutionality of his segregated confinement, (or other disciplinary sanctions that do not affect the ultimate duration of his confinement), in a <u>separate</u> civil rights action brought under 42 U.S.C. § 1983. As a practical matter, however, any such action probably would be futile, because segregated confinement normally does not implicate a prisoner's federal constitutional rights. See <u>Phillips v. Norris</u>, 320 F.3d 844, 847 (8th Cir. 2003) (segregated confinement normally does not constitute the type of "atypical and significant hardship" that is needed to support a prisoner § 1983 claim), citing <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995). Petitioner should carefully consider these observations before commencing a federal civil rights action based on the disciplinary sanctions identified in his current habeas petition.

2

that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present all of his federal constitutional claims to the highest available state court before seeking habeas relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4.

In this case, there is a remedy available to Petitioner under state law that he has not yet exhausted -- namely a habeas corpus petition to the Minnesota state courts, brought under Minn.Stat. § 589.01. Minnesota state appellate courts have previously recognized that this statute can be used by state prison inmates seeking judicial review of prison disciplinary proceedings. Case v. Pung, 413 N.W.2d 261 (Minn.App. 1987), rev. denied, Nov. 24, 1987. See also Burch v. Commissioner of Corrections, A05-1760 (Minn.App. 2006), 2006 WL 1738239, (unpublished opinion) at *3 ("a violation of the right to due process can be challenged under a petition for a writ of habeas corpus").

Because Petitioner has not pursued the remedy available under Minnesota's habeas corpus statutes, (including the right of appeal under § 589.29), he has failed to exhaust his state court remedies with regard to the claims presented here. Therefore, federal habeas corpus review is not available for those claims at this time.

**III.    CONCLUSION**

In sum, it plainly appears on the face of the petition that Petitioner's current claims for relief cannot be entertained at this time due to his failure to exhaust his state court remedies. The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases. It will be further recommended, however, that this action be dismissed without prejudice, so that Petitioner can later return to federal court, (if necessary), after all of his claims have been fairly presented to, and decided on the merits by, the Minnesota state courts – including the Minnesota Supreme Court. See Kelly v. Trickey, 844 F.2d 557, 559 (8th Cir. 1988).[3]

Finally, the Court notes that Petitioner did not pay the $5.00 filing fee for this action, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Having determined that this action should be summarily dismissed due to non-exhaustion, the Court will further recommend that Petitioner's IFP application be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

---

[3]     Petitioner should bear in mind that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review, (assuming relief is not granted at the state district court level), including the right to seek review in the Minnesota Supreme Court. See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

## IV.     RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.     Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily **DENIED**; and

2.     Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3.     This action be **DISMISSED WITHOUT PREJUDICE**.


DATED:     February 19, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 9, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.